Young v. Davidson.

*Reversed and remanded.*

---

### Augusta Young et al. v. Alice Davidson.

1. MOTION FOR NEW TRIAL—*when withdrawal of counsel not ground for granting.* The withdrawal of counsel upon the eve of a trial is not ground for granting a new trial where no motion for a continuance was made and no exception of any kind preserved.

2. JUDGMENT—*effect of entry of, in name of deceased party.* It is error to enter a judgment in the name of a deceased party.

Action commenced before justice of the peace. Appeal from the County Court of Macoupin county; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

WALKER & SEARCY, for appellants.

JOHN MORAN, for appellee and *pro se.*

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Alice Davidson, in her lifetime, brought suit against Louisa Gunterberg and Augusta Young, before a justice of the peace, for an alleged trespass to her household goods, which suit was taken upon appeal to the County Court of said county, where upon a trial before the court without a jury, said Davidson recovered a judgment in the sum of $75. Augusta Young and Louisa Gunterberg have brought the case to this court upon appeal.

No part of the evidence heard by the court is pre-
served in the record and the case is not before us upon
its merits. Appellants made a motion for a new trial
which was overruled and a motion in arrest of judg-
ment which was also overruled, to which action of the
court appellants excepted. Error is now alleged in the
overruling of each of said motions and the rendering
of judgment.

Appellants in support of their motion for a new trial
filed affidavits in which they set up in substance the
following: That plaintiff in said suit, Alice Davidson,
had died on the sixth day of May, 1905, and before the
judgment was rendered (which was on the twenty-
seventh day of July, 1905); that on the day set for
the trial of said cause, April 27, 1905, said Augusta
Young was prevented, by severe storms, from reach-
ing the court room; that prior to that time she had
employed a competent attorney to represent her in
said trial; that such lawyer, when the case was called
for trial, withdrew from the cause and left appellants
unrepresented in court and that said attorney had
failed to have witnesses subpœnaed on behalf of ap-
pellants; that by reason thereof no defense was made
in said cause upon behalf of appellants and later, on
the twenty-seventh day of July, 1905, judgment was
rendered for $75 as hereinbefore stated.

There was no merit in the motion of appellants for
a new trial and such motion was properly overruled.
From the record it appears that the cause came on for
trial in regular order on the twenty-seventh day of
April, 1905, when leave was given to A. J. Duggan,
attorney for defendants (appellants), to withdraw
from the case and that Louisa Gunterberg, one of ap-
pellants, was then present, and that by agreement the
cause was submitted to the court for trial without the
intervention of a jury, and that the court after having
heard all the evidence, took the case under advisement.
It also further appears from the record that no motion

or application for a continuance was made by said Gunterberg at the time of said trial.

Under such circumstances appellants can allege no error in the action of the court in refusing a new trial. The action of the attorney in withdrawing from the cause and leaving appellants unrepresented was a matter wholly between the lawyer and his client and is one with which the court has nothing to do, especially since nó motion for continuance was made. No action was had by the court to which any exception was saved before the court announced its holding upon the merits of the case.

There was error, however, in the refusal of the court to arrest the judgment. Alice Davidson was shown by the affidavits to have died on the sixth day of May, 1905, while the judgment purports to have been entered in her name on the twenty-seventh day of July, following. The entry of judgment in the name of a deceased party was error. It was necessary to suggest the death of said Davidson and to have an administrator appointed and enter the judgment in the name of such administrator.

The fact that the claim of said Davidson had been assigned to her attorney prior to her death and before the entry of the judgment would not authorize the court in amending the record so that the proceedings could stand and continue in the name of the deceased, for the use of such attorney.

The judgment is reversed and the cause is remanded with directions to the court to proceed in said cause in conformity with the views herein expressed.

*Reversed and remanded with directions.*